UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| SHAWEASAW N. STANLEY, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>QUALITY CAREGIVERS SOLUTION )<br>SERVICES, LLC. and PATTY STALLWORTH, )<br>)<br>Defendants ) | CASE NO.: 1-16-CV-480-WS-B |

### DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Quality Caregivers Solution Services, LLC and Patty Stallworth, Individually (Stallworth will sometime be hereinafter individually referred to as "Stallworth and both will be collectively referred to as "Quality"), by and through undersigned counsel, and files this Response to Plaintiff Shaweasaw N. Stanley's (hereinafter "Stanley") Motion for Summary Judgment. In support of this Response, Quality would show as follows:

**STATEMENT OF THE ISSUES**

1. Whether the Plaintiff was properly paid for overtime work while employed by Quality?

2. Whether Defendants did not act in good faith such that Plaintiff is entitled to liquidated damages in the Fair Labor Standards Act?

## STATEMENT OF THE FACTS

While Quality for the most part agrees with the Plaintiff's statement of the facts, Quality disagrees or would point out additional facts to the Court as follows:

1. When Quality started the business the FSLA did in fact grant businesses such as Quality an exemption from paying overtime to caregivers such as the Plaintiff. Defendant Stallworth was aware of this as she worked for a caregiver company before she started Quality in August, 2013.

2. Although the FSLA changed in 2015, Quality was not aware of this change and admittedly did not pay overtime to its employees. Had Quality known the response would be to make sure the caregivers only worked forty (40) hours per week.

3. The Plaintiff worked for almost a year prior to inquiring about overtime pay and was advised that Quality did not pay overtime.

4. From mid-January, 2016 until July, 2016, Stallworth was not present much of the time due to health issues and deaths of several family members, including her Mother in Trinidad. In her absence Plaintiff was responsible for making her schedule for herself and others caregivers for a client of the Defendant. Plaintiff, knowing she was not going to be paid overtime, made her schedule out such that she worked many hours over forty per week. Stallworth had no input into her schedule during this period.

5. Plaintiff while making these schedules favored herself over other employees. If Plaintiff had scheduled the other employees an equal number of hours she would not have worked as many hours. The Plaintiff should not benefit from her exclusion of others from working so she would work extra hours, again with the understanding that she would not be paid overtime. When Plaintiff was advised that she could not work as many hours nor could keep making the schedule she decided to no longer work with Quality.

6. When Defendant Stallworth was asked about overtime pay by Plaintiff she did in fact state that the company did not pay overtime. This was not done with any bad faith but a simple mistake as to what the law then required.

### ARGUMENT

The only real issue before this Court is not whether overtime is owed to the Plaintiff as the law is clear on this, but whether Quality was not acting in "good faith" when it determined that its caregiver employees were exempt from having to be paid overtime?

Quality was started in August, 2013. At this time there was an exemption for caregivers from the Fair Labor Standards Act ('FLSA"). The Quality administration was aware of this from experience and from researching the subject prior to Stallworth's starting the new business.

Quality did not become aware of the change in the law until the issue was brought up in this lawsuit. The case cited by Plaintiff, Friedman v. S. Florida Psychiatric Assocs.,

Inc., 139 F. App'x 183, 185-86 (11th Cir. 2005) put forth two tests for finding good faith: a subjective and an objective.

The subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it. This Quality did when the business began in August, 2013.

Objective good faith means the employer had reasonable grounds for believing its conduct. Stallworth had worked in this industry for several years and was not entitled to overtime. When she began the business in 2013 this was still the case.

Quality initially determined, correctly that caregivers were exempt from the FLSA's overtime requirements and therefore paid its employees accordingly. Admittedly Quality did not timely become aware of the change in the laws but it had only been in business for a little over a year when the law was changed. Also, as the Plaintiff's Memorandum there was also much confusion at to when the law would be implemented.

Had Quality been aware of the change the employees would have been limited to no more than forty (40) hours per week as the business model for the caregivers industry simply does not support overtime pay considering what insurance companies and the various governments will pay its clients.

The case cited by Plaintiff to show a duty to investigate, Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464 (5th Cir.1979) considers a case where an employer reviewed the law 20 years and had not reviewed it since. Such is not the case here. The business had only been in business approximately 16 months before the law changed.

Further, as stated, in Stallworth's affidavit attached hereto as Exhibit "A" and made a part hereof, the Plaintiff did much of her own scheduling. By doing so she caused herself to work many hours of overtime, with the knowledge that overtime would not be paid. Had she scheduled herself only 40 hours a week she would have made significantly less compensation than she made. While this does not excuse Quality it is the reality of the situation.

Given the relatively new entry into the business, with the correct knowledge that its employee caregivers were exempt from overtime pay and the change in the law only 16 months later, it should not be determined that Quality or Stallworth neither were not acting in good faith. A mistake in knowledge of the law does not automatically cause a company to be acting in bad faith. Otherwise there would be no need for the standard to be applied at all.

Defendants agree that the Plaintiff is entitled to her overtime pay but do not believe at anytime did they fail to act in "good faith".

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court will deny the Motion for Summary Judgment as to the finding that Defendants did not act in good faith in this matter.

Respectfully submitted,

/s/ K. Donelson Foose
K. Donelson Foose (FOO003)

**ADDRESS OF COUNSEL**
3929 Airport Boulevard, 1-216
Mobile, Alabama 36609
(251) 343-4545
(251) 343-4495 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the ___10th___ of November, 2017, electronically filed the foregoing with the Clerk of Court via electronic filing which will send electronic notification of each filing upon all counsel to these proceedings as follows:

>Mr. Jeremiah J. Talbott
>Law Office of Jeremiah J. Talbott, P.A.
>900 East Moreno Street
>Pensacola, Florida  32503
>jj@talbottlawfirm.com

>/s/ K. Donelson Foose
>K. Donelson Foose

qcssstanresp.msj

## AFFIDAVIT

STATE OF ALABAMA          (
                          (
COUNTY OF MOBILE          (

BEFORE ME, the undersigned notary public, personally appeared PATTY STALLWORTH, who by me being duly sworn on her oath, deposes and says:

1. My name is Patty Stallworth. I am over the age of nineteen years (19) years and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

2. I am the owner of the Defendant, Quality Caregivers Solutions Services, LLC ("Quality").

3. That the full legal name and mailing address of the creditor or claimant is:

   Quality Caregivers Solution Services, LLC
   3929 Airport Boulevard, Suite 1-100
   Mobile, Alabama 36609

4. The Plaintiff was an employee of Quality from August 23, 2015 to August 6, 2016.

5. I was absent many days from the day to day operations of the Company from January, 2016 to July, 2016 while attending to personal family business due to the death of several family members, including my Mother in Trinidad.

6. During my absence, the Plaintiff was responsible for scheduling her own hours as well as setting schedules for others on the client to whom she was providing caregiving services.

AFFIDAVIT OF PATTY STALLWORTH                                         Page 1

EXHIBIT A

7. In my absences the Plaintiff worked approximately 64 hours of overtime at $8.50 per hour; 589.75 hours at $9.00 per hour and 235.50 hours at $9.25 per hour. This amounts to approximately $4,013.88 of the total amount claimed that Plaintiff scheduled for herself.

8. Plaintiff purposely scheduled her hours during this time such that she worked overtime as many hours. She did this knowing that the Quality's policy was to not pay overtime and also to the detriment of other workers whose schedules were reduced.

9. Had Plaintiff scheduled some of these hours to the other workers, she would not have worked as many overtime hours as she did.

Further Affiant saith not.

_____
Patty Stallworth

SUBSCRIBED AND SWORN TO BEFORE ME on this the 10th day of November, 2017.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF ALABAMA

MY COMMISSION
EXPIRES 09-25-2019

qcssstal..aff

---

AFFIDAVIT OF PATTY STALLWORTH                              Page 2

EXHIBIT A