IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWEASAW N. STANLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0480-WS-B |
| | ) |
| QUALITY CAREGIVERS SOLUTION | ) |
| SERVICES LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for partial summary judgment. (Doc. 38).[1] The defendants have filed a response, (Doc. 40), the plaintiff declined the opportunity to file a reply, (Doc. 39), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

**BACKGROUND**

According to the amended complaint, (Doc. 30), the entity defendant ("Quality") is in the business of providing home health care and assisted living services. The individual defendant ("Stallworth") is the owner, operator and/or manager of Quality. Both were the plaintiff's employer for purposes of the Fair Labor Standards Act ("FLSA"). The plaintiff was employed by the defendants as a medical assistant and/or caregiver from August 2015 to August 2016.

Count I alleges that the defendants violated the FLSA's minimum wage requirement by withholding the plaintiff's pay for her final pay period. Count II

---

[1] The plaintiff styles her motion as one for summary judgment but, because she does not seek summary judgment as to all claims, the motion is in fact one for partial summary judgment.

alleges the defendants violated the FLSA's overtime requirement by treating the plaintiff as an exempt employee even though the exemption on which they rely was eliminated prior to the plaintiff's employment. Under each count, the plaintiff seeks both her actual damages and an equal amount in liquidated damages, as well as an award of attorney's fees and costs. The instant motion addresses only Count II.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; accord *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); accord *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). "Therefore, the plaintiff's version of the facts (to the extent supported by the record) controls, though that version can be supplemented by additional material cited by the defendants and not in tension with the plaintiff's version." *Rachel v. City of Mobile*, 112 F. Supp. 3d 1263, 1274 (S.D. Ala. 2015), *aff'd*, 633 Fed. Appx. 784 (11th Cir. 2016).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[2] Accordingly, the Court limits its review to the

---

[2] Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record …."); *id*. Rule 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v.*

exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *accord Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014).  The Court accordingly limits its review to those arguments the parties have expressly advanced.

The threshold question is whether the plaintiff is covered by the FLSA.  That would ordinarily require some analysis but, as she notes, (Doc. 38 at 9), the defendants admit that "there is some overtime owed to Plaintiff," (Doc. 38-2 at 6), which necessarily encompasses an admission that the plaintiff is covered by the FLSA.  They also admit that Quality "is subject to the FLSA."  (Doc. 30 at 3; Doc. 42 at 2).  The defendants offer no response to the plaintiff's showing.  Based on the defendants' admissions, the plaintiff is covered by the FLSA.

FLSA liability for failure to pay overtime extends to an "employer."  29 U.S.C. § 207(a).  An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee …."  *Id*. § 203(d).  The plaintiff asserts that Stallworth qualifies as an employer subject to individual liability.  (Doc. 38 at 8-9).  The defendants admit that Stallworth is the owner, operator and/or manager of Quality and that she "is in control of the day to day operations of Quality," including hiring, firing and payroll.  (Doc. 30 at 3-4; Doc. 42 at 2).  They also admit that Stallworth is the CEO of Quality and the only person involved in policymaking decisions regarding Quality's method of paying the plaintiff.  (Doc. 38-2 at 5).  The defendants offer no response to the plaintiff's showing.  Based on these admissions, Stallworth is an employer subject to

---

*Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

individual liability. *E.g., Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160-61 (11th Cir. 2008).

The FLSA exempts from the overtime requirement "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15). Those regulations formerly extended the exemption to third-party employers such as the defendants. *Evans v. Caregivers, Inc.*, 2017 WL 2212977 at *1 (M.D. Tenn. 2017). Under this regime, persons such as the plaintiff were exempt employees.

In October 2013, the Department of Labor ("DOL") issued a final rule, effective January 1, 2015, withdrawing the exemption with respect to third-party employers. *Evans*, 2017 WL 2212977 at *2. Under this regime, persons such as the plaintiff are not exempt employees. The defendants admit as much. They also concede that the plaintiff was a non-exempt employee throughout the course of her employment.[3]

Because the plaintiff was not an exempt employee during her employment, she is entitled to overtime compensation for all hours in excess of 40 hours that

---

[3] The plaintiff was employed from August 23, 2015 to August 6, 2016. (Doc. 38-1 at 2). A lower court vacated the rule change in December 2014, but the D.C. Circuit reversed the vacatur in August 2015. *Evans*, 2017 WL 2212977 at *2. There has been discussion in the cases concerning whether the new rule applies to the time period before the appellate court's ruling in August 2015, or its mandate in October 2015, or the DOL's announced commencement of enforcement in November 2015. *Id*. The plaintiff cites a number of cases ruling that the new rule applies as of January 1, 2015. The Court need not decide whether it would independently reach that conclusion, because the defendants admit the law changed "only 16 months" after they commenced operations in August 2013. (Doc. 40 at 4-5). To the same effect, they identify the "only real issue before this Court" as whether they acted in good faith, so as to avoid an award of liquidated damages, based on their ignorance of the new rule. (*Id*. at 3). Their concession may rest in part on their recognition that almost all of the plaintiff's overtime hours were worked in 2016, (*id*. at 8), making a challenge regarding the issue not worth the candle.

she worked in any workweek. The defendants so concede.[4] The plaintiff has presented evidence that the amount of overtime she is owed is $4,841.69. (Doc. 38-1 at 3). Because the defendants present no contrary evidence, the plaintiff's evidence is uncontroverted.

Rather than question the plaintiff's calculation of the number of overtime hours worked, her hourly rate for each such hour, or the total number of overtime hours and total amount of overtime pay, the defendants complain that Stallworth was absent many days from January to July 2016, during which time the plaintiff scheduled her own hours for the client she was attending, with most of her overtime hours dating from this period. (Doc. 40 at 7-8). Without appeal to any legal authority or principle, the defendants declare that the plaintiff "should not benefit" from this conduct. (*Id*. at 3). The defendants then effectively retract this assertion, acknowledging that the plaintiff's self-scheduling "does not excuse" their failure to pay overtime. (*Id*. at 5). Their retraction is appropriate. The plaintiff's hours count for FLSA purposes "if … she is suffered or permitted to work." *Allen v. Board of Public Education*, 495 F.3d 1306, 1314 (11th Cir. 2007). "It is not relevant that the employer did not ask the employee to do the work. The reason the employee performed the work is also not relevant." *Id*.[5]

---

[4] (Doc. 40 at 3 ("the law is clear" that "overtime is owed to the plaintiff"); *id*. at 5 ("Defendants agree that the Plaintiff is entitled to her overtime pay …."")).

[5] The defendants do not deny their awareness of the plaintiff's hours. Even had they done so, they would still be liable to pay overtime. "[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted." *Allen*, 495 F.3d at 1314 (internal quotes omitted). "In reviewing the extent of an employer's awareness, a court need only inquire whether the *circumstances* … were such that the employer either had knowledge [of overtime hours being worked] or else had the opportunity through reasonable diligence to acquire knowledge." *Reich v. Department of Conservation and Natural Resources*, 28 F.3d 1076, 1082 (11th Cir. 1994) (internal quotes omitted, emphasis in original). The verified summary of hours worked produced by the defendants, (Doc. 17), which sets forth the number of hours the plaintiff worked per pay period, establishes that the defendants had knowledge the plaintiff was working overtime hours or at least had the opportunity through reasonable diligence to acquire such knowledge. Indeed, since the plaintiff was paid by the hour, and since she

"Any employer who violates the provisions of … section 207 of this title shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Thus, "[w]hen the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount …." *Alvarez Perez*, 515 F.3d at 1163.  Because it has been established that the defendants violated Section 207 by failing to pay the plaintiff earned overtime in the amount of $4,841.69, they are exposed to an equal award of liquidated damages.

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.

At trial, "[t]he employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163.  The issue, however, is not before the Court at trial but on the plaintiff's motion for summary judgment.  That means the plaintiff must first shoulder her initial burden of pointing to material in the record that either negates good faith or shows the defendant cannot at trial produce evidence of good faith.  The plaintiff has not done so.

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the Act requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (internal quotes omitted).  The plaintiff does not address the subjective

---

seeks overtime only for hours for which she was paid her regular rate, the defendants could scarcely claim ignorance of the hours she worked.

7

portion of the test and thus has failed to meet her burden of showing the defendants cannot satisfy the subjective element.

The objective portion of the test for good faith requires that the defendants possessed "reasonable grounds" for believing their failure to pay overtime was lawful. "Apathetic ignorance is never the basis of a reasonable belief," and the objective component of the defense thus "requires some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). The plaintiff argues that the defendants were "merely ignorant of the law" and that, "when [she] inquired about overtime pay," the defendants became saddled with a duty to investigate her entitlement to such pay. (Doc. 38 at 16, 18).

Assuming without deciding that the plaintiff's inquiry triggered a duty to investigate, she has failed to show that the defendants did not investigate or investigated so poorly as to rule out objective good faith as a matter of law. The plaintiff relies on her testimony that, when she asked about overtime pay, Stallworth told her she was an exempt employee. (Doc. 38 at 16; Doc. 38-1 at 3). This may show that Stallworth did not know the true state of the law, but it does not show that she did not investigate the law, either before or after the plaintiff's inquiry. The only other evidence the plaintiff cites is a single interrogatory and response which establishes, at most, that the defendants did not rely on any "administrative regulations, orders, ruling[s], and interpretations, administrative practices, and enforcement polices of United States agencies" in not paying the plaintiff overtime. (Doc. 38 at 16; Doc. 38-2 at 7). The defendants apparently were not asked what other investigation they might have undertaken (such as consultation with counsel or human resource experts), or when they did so. The plaintiff's presentation thus fails either to negate good faith or to show the defendants lack evidence of good faith.

The Court has and expresses no view as to whether the defendants will or can meet their burden of proof at trial. Nor does the Court have or express any

view as to whether, were the defendants to do so, it would then exercise its discretion to reduce or eliminate an award of liquidated damages. The Court does, however, observe that, while the parties debate the issue, the plaintiff's attorney's fees – and the defendants' liability for them – may continue to increase.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for partial summary judgment is **granted** with respect her claim against both defendants for overtime in the amount of $4,841.69 and is in all other respects **denied**.

DONE and ORDERED this 5th day of December, 2017.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE